**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **EDWARD M. McBRIDE, # R-66611,** )<br>)<br>**Plaintiff,** )<br>)<br>vs. )<br>)<br>**DR. NATHAN CHAPMAN,** )<br>**S. A. GODINEZ,** )<br>**THOMAS A. SPILLER,** )<br>**WEXFORD HEALTH SOURCES, INC.,** )<br>**CHRISTINE BROWN,** )<br>**and BRANDI LITTLE,** )<br>)<br>**Defendants.** ) | **Case No. 14-cv-00894-MJR** |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff Edward McBride, an inmate who is currently incarcerated at Pinckneyville Correctional Center ("Pinckneyville"), brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 (Doc. 1). According to the complaint, Plaintiff was denied corrective dental surgery before he was fit with a denture in 2013. As a result, his upper gum line has a sharp bony ridge that causes "excruciating" pain and suffering. Plaintiff now sues Wexford Health Sources, Inc. ("Wexford"), S. A. Godinez (Illinois Department of Corrections ("IDOC") director), and four Pinckneyville officials (Warden Spiller, Health Care Unit Administrator Brown, Dr. Chapman, and Nurse Little) for denying him adequate dental care under the Eighth and Fourteenth Amendments. He seeks monetary damages and dental surgery (Doc. 1, p. 7).

1

**The Complaint**

Plaintiff was scheduled to receive dentures in 2013. In preparation, he met with Pinckneyville's dentist, Dr. Chapman, on May 6, 2013 (Doc. 1, p. 6). At the time, Plaintiff had excess bone and an undercut ridge in "area[s] #2, 5, 6, 10, [and] 11." This created a sharp bony ridge along Plaintiff's upper gum line that could "possibly" be corrected through pre-prosthetic surgery. Instead of recommending surgery, however, Dr. Chapman concluded that Plaintiff's gums had healed and were ready for dentures.

The process of making Plaintiff's dentures took three months. In the interim, Plaintiff's condition caused "excruciating" pain. At times, he could not eat because of the discomfort associated with chewing. He also suffered from chronic headaches (Doc. 1, p. 13). Plaintiff had trouble accessing pain relievers because Nurse Little allegedly failed to prescribe them. Instead, Plaintiff purchased pain relievers from commissary (Doc. 1, p. 6).

When Plaintiff finally received his dentures on August 14, 2013, they did not fit (Doc. 1, p. 12). Plaintiff met with Dr. Chapman for fittings on several occasions (Doc. 1, p. 6). Each time, Dr. Chapman resorted to sanding and grinding the dentures down. In the process, Dr. Chapman allegedly destroyed the ready-made dentures. Along with the complaint, Plaintiff filed numerous complaints, grievances, and affidavits, in which he complains of the pain caused by the sharp bony ridgeline, his ill-fitting dentures, and his lack of access to pain medication; these complaints extend through November 2013 (Doc. 1, pp. 9-22).

Plaintiff now sues Dr. Chapman and Nurse Little for violating his right to receive adequate dental care under the Eighth and Fourteenth Amendments. He also names Defendants Spiller, Godinez, Brown, and Wexford, claiming that they "all knew of this serious dental . . . situation" and took no action. He seeks monetary damages and dental surgery.

2

**Merits Review Under 28 U.S.C. § 1915A**

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). When reviewing the allegations in light of this standard, the Court finds that the complaint survives preliminary review under § 1915A.

**Discussion**

**Count 1 – Eighth Amendment Dental Claim**

The complaint articulates a colorable Eighth Amendment dental claim (**Count 1**) against Defendants Chapman, Little, and Spiller (in his official capacity only). The Eighth Amendment to the United States Constitution protects prisoners from cruel and unusual punishment and is applicable to the states through the Fourteenth Amendment. *See Berry v. Peterman*, 604 F.3d 435 (7th Cir. 2010). Relevant to Plaintiff's claim, the Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2006) (*per curiam*). To establish liability, a prisoner must show that the: (1) medical condition was objectively serious, and (2) state officials acted with deliberate indifference to the prisoner's health or safety, which is a subjective standard. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Chapman v. Keltner*, 241 F.3d 842, 845 (7th Cir. 2001).

The Seventh Circuit has indicated that a dental condition may constitute a serious medical need. *Board v. Farnham*, 394 F.3d 469 (7th Cir. 2005). According to the Seventh Circuit, "dental care is one of the most important medical needs of inmates." *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) (citation omitted). Examples of "objectively serious" dental needs involve circumstances in which the failure to treat a dental condition causes an inmate to suffer an array of problems, such as headaches, extreme pain, bleeding, infected gums, and problems eating. *Id.* at 593 (citations omitted). The allegations in the complaint suggest that Plaintiff's dental condition was objectively serious.

With regard to the subjective component of the analysis, the complaint must "demonstrate that prison officials acted with a 'sufficiently culpable state of mind.'" *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005) (quoting *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)). This state of mind is deliberate indifference. Deliberate indifference is established when prison officials "know of and disregard an excessive risk to inmate health" by being "'aware of facts from which the inference could be drawn that a substantial risk of serious harm exists'" and "'draw[ing] the inference.'" *Greeno*, 414 F.3d at 653 (quoting *Farmer*, 511 U.S. at 834).

"Neither medical malpractice nor mere disagreement with a doctor's medical judgment" is sufficient to establish deliberate indifference in violation of the Eighth Amendment. *Berry*, 604 F.3d at 441 (citing *Estelle*, 429 U.S. at 106; *Estate of Cole v. Fromm*, 94 F.3d 254, 261 (7th Cir. 1996)). However, a prisoner is also "not required to show that he was literally ignored." *Id.* at 441 (citing *Sherrod v. Lingle*, 223 F.3d 605, 611 (7th Cir. 2000)). The Seventh Circuit has held that a doctor's choice of "easier and less efficacious treatment" for a serious medical condition can amount to deliberate indifference under the Eighth Amendment. *Id.* (citing *Estelle*, 429 U.S. at 104, n.10; *Williams v. Vincent*, 508 F.2d 541 (2d Cir. 1974); *Johnson v. Doughty*, 433 F.3d 1001, 1013 (7th Cir. 2006) (stating that "medical personnel cannot simply resort to an easier course of treatment that they know is ineffective"); *Greeno*, 414 F.3d at 655 (noting that persistence in a course of treatment "known to be ineffective" violates the Eighth Amendment)).

Construing the allegations liberally, as the Court is required to do at this stage, the complaint suggests that Dr. Chapman undertook a persistent, yet ineffective, course of treatment when he attempted, apparently without success, to fit Plaintiff's denture by grinding and sanding

5

it to the point of destruction. All the while, Plaintiff's symptoms of pain, which included chronic headaches and an inability to eat, persisted and remained untreated. At this early stage, Plaintiff shall be allowed to proceed with Count 1 against Dr. Chapman.

The complaint and the exhibits also suggest that Nurse Little denied Plaintiff access to necessary pain relievers. Exhibits filed with the complaint include requests for pain relievers and complaints of pain that extend through November 2013, approximately six months after Plaintiff first met with Dr. Chapman about dentures. At this early stage, Plaintiff shall be allowed to proceed with Count 1 against Nurse Little.

Finally, the Court will allow Plaintiff to proceed with Count 1 against Defendant Spiller, but only in his official capacity, based solely on Plaintiff's request for dental surgery. The Court construes this as a request for injunctive relief.

Count 1 shall be dismissed against all remaining defendants, including Defendants Wexford, Godinez, Brown, and Spiller (in his individual capacity). Only one allegation in the complaint addresses Plaintiff's claim against these Defendants. According to the allegation, these Defendants knew about the seriousness of Plaintiff's condition and took no action (Doc. 1, p. 6). Beyond this conclusory statement, however, the complaint is devoid of any factual allegations in support of an Eighth Amendment claim against these Defendants. Plaintiff cannot proceed with a claim against these Defendants, based on this single allegation.

With regard to Defendant Wexford, the complaint also includes no allegation that any individual defendant acted or failed to act as a result of an official policy espoused by Wexford. *See Woodward v. Corr. Med. Serv. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004) (corporation can be held liable for deliberate indifference only if it had a policy or practice that caused the violation). Therefore, Count 1 shall be dismissed against this Defendant.

No other allegations suggest that Defendants Godinez, Brown, or Spiller (in his individual capacity) were personally involved in a constitutional deprivation. Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). The complaint does not suggest that these Defendants had any direct involvement in treatment decisions. Furthermore, if a prisoner is under the care of prison medical professionals, non-medical prison officials, such as Defendant Godinez and Spiller, "will generally be justified in believing that the prisoner is in capable hands." *Arnett v. Webster*, 658 F.3d 742, 755 (7th Cir. 2011) (quoting *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004)). "A layperson's failure to tell the medical staff how to do its job cannot be called deliberate indifference; it is just a form of failing to provide a gratuitous rescue service." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). For each of these reasons, **Count 1** shall be dismissed against Defendants Godinez, Brown, and Spiller (in his individual capacity).

**Count 2 – Fourteenth Amendment Claims**

The complaint also states no Fourteenth Amendment due process claim (**Count 2**) against Defendants. Plaintiff mentions a Fourteenth Amendment procedural due process claim, as well as an equal protection claim. However, he includes no factual allegations in support of either. Count 2 can be dismissed on this basis alone, and it shall be dismissed with prejudice.

It is worth emphasizing, however, that no procedural due process claim arises from Defendants' review of Plaintiff's grievances. Prison grievance procedures are not constitutionally mandated and thus do not implicate the Due Process Clause per se. As such, the alleged mishandling of grievances "by persons who otherwise did not cause or participate in the

underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). *See also Grieveson v. Anderson*, 538 F.3d 763, 772 n.3 (7th Cir. 2008); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). Further, the fact that a counselor, grievance officer, or even a supervisor received a complaint about the actions of another individual does not create liability. For these reasons, the procedural due process claim against Defendants fails.

The complaint also states no substantive due process claim. The Fourteenth Amendment's Equal Protection Clause protects individuals from governmental discrimination. *Swanson v. City of Chetek*, 719 F.3d 780 (7th Cir. 2013). As the Seventh Circuit explained in *Swanson*, "[t]he typical equal protection case involves discrimination by race, national origin or sex. However, the Clause also prohibits the singling out of a person for different treatment for no rational reason." *Vill. of Willowbrook v. Olech,* 528 U.S. 562, 564, 120 S.Ct. 1073, 145 L.Ed.2d 1060 (2000). Beyond mentioning an equal protection claim, the complaint includes no allegations suggesting that Defendants discriminated against Plaintiff in any way, either by singling him out for being a member of a protected class or individually for no rational reason.

For the reasons set forth herein, **Count 2** shall be dismissed with prejudice against all Defendants.

**Pending Motions**

Plaintiff has filed a motion for recruitment of counsel (Doc. 3), which is hereby **REFERRED** to United States Magistrate Judge **Stephen C. Williams** for a decision on its merits.

Plaintiff has also filed a motion for service of process at government expense (Doc. 4), which is hereby **GRANTED** as to Defendants Chapman, Little, and Spiller. The motion is **DENIED** as to Defendants Wexford, Brown, and Godinez.

**Disposition**

**IT IS HEREBY ORDERED** that **COUNT 2** is **DISMISSED** with prejudice for failure to state a claim upon which relief can be granted.

**IT IS FURTHER ORDERED** that Defendants **WEXFORD, GODINEZ, BROWN,** and **SPILLER (in his individual capacity)** are **DISMISSED** with prejudice.

**AS TO COUNT 1**, the Clerk of Court shall prepare for Defendants **CHAPMAN, LITTLE,** and **SPILLER (in his official capacity)**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Stephen C. Williams** for further pre-trial proceedings, including a decision on Plaintiff's motion for recruitment of counsel (Doc. 3). Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Williams for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: September 16, 2014**

<u>**s/ MICHAEL J. REAGAN**</u>
**U.S. District Judge**